**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GERARD L. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-1312C |
| v. | ) | (Judge Wolski) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss plaintiff Gerard L. Webb's complaint for lack of jurisdiction. As demonstrated below, this case must be dismissed because the claim challenging Mr. Webb's veterans disability benefits falls outside this Court's jurisdiction, Mr. Webb's claim for back pay for his Army service is barred by the six-year statute of limitations in light of the fact that Mr. Webb was discharged from the Army in February 2007, and the complaint fails to sufficiently identify a money-mandating statute or regulation.

On October 19, 2018, Mr. Webb filed a complaint alleging that "pay wasn't sufficient to cover all options available, Housing pay, subsistence pay, [and] expenses" and indicated that the nature of this suit was "military pay-back pay." Compl. 1, 4. Mr. Webb sought $2,608,000.00. *Id.* at 4. On September 14, 2018, Mr. Webb filed a copy of an application for correction of military records, which he had signed on September 5, 2018. ECF No. 5. The application indicated that he had been discharged from active duty on February 7, 2017. The error or injustice that he sought to be corrected in the record was described as "Base Pay from L.E.S.: July 3, 1996-February 7, 2007" and "Unlimited Monthly." With leave of Court on September 21, 2018, Mr. Webb also filed two

RECEIVED - USCFC
OCT 26 2018

additional documents that the Court treated as amendments to the complaint. ECF Nos. 6-8. The first document indicated he was changing the agency identification code for this suit from Department of Defense to Army, and the amount requested was changed to $362,608,000,000. The second additional document is a complaint alleging that "pay isn't sufficient to cover all options available, Housing pay, subsistence pay, [and] expenses." The cover sheet for this complaint indicates that the agency is the Department of Veterans Affairs (VA) and the nature of the suit is "civilian pay-back pay," "civilian pay-disability annuity," and "civilian pay-other." Mr. Webb seeks an "unlimited amount."

On September 21, 2018, the Court ordered Mr. Webb to file a more definite statement. The Court explained that, "among the initial complaint and the two amendments, the allegations are not specific enough to enable a meaningful response from the government."[1] Order 2. The Court further explained that, "[a]bsent from this case, however, are any specific allegations concerning civilian pay earned (or disability incurred) while in the employ of the United States Department of Veterans Affairs (VA). Nor are there any allegations concerning the legal grounds for his claimed entitlement to back pay for his Army service."[2] Id. Accordingly, the Court ordered him to submit a "more definite statement regarding his claims for back pay from the Army and VA." Id. Specifically, the Court required clarifications with respect to "(1) the time period for which Mr. Webb believes he was underpaid; (2) the statutes or regulations which he contends entitle him to more pay than he received; and (3) an explanation of why he contends he is owed back pay by the

---

[1] The Court noted that the copy of the application for correction of military records "fills in some of the gaps, and should be treated as an exhibit to his amended complaint." Order 2.

[2] The Court also noted that it was not clear whether the difference between the discharge date (February 7, 2017) and the end point for his base pay claim (February 7, 2007) was intentional or a typographical error. Id.

2

U.S. Department of Veterans Affairs." *Id.*

Subsequently, Mr. Webb filed a more definite statement that indicates he is bringing a claim challenging his veterans disability benefits and a claim for back pay for his service in the Army. ECF No. 9, Sept. 27, 2018. He suggests that his veterans disability benefits and military pay were insufficient to cover his expenses. As demonstrated below, although Mr. Webb's more definite statement does not appear to sufficiently answer all three of the Court's required clarifications, it is clear that dismissal is warranted.

*First*, to the extent that Mr. Webb seeks to challenge his veterans disability benefits, this Court should dismiss the claim. This Court does not possess jurisdiction to entertain challenges to the VA benefits system. *See Bargsley v. United States*, 120 Fed. Cl. 619, 633-34 (2015); *Rose v. United States*, No. 10-224C, 2010 WL 4340950, at *3 (Fed. Cl. Oct. 29, 2010).

*Second*, although Mr. Webb's more definite statement does not adequately address the time period for which Mr. Webb believes he was underpaid, Mr. Webb's DD Form 214, Certificate of Release or Discharge from Active Duty, shows that Mr. Webb was discharged in February 2007, not February 2017. *See* Def. Mot. Ex. 1. Accordingly, his claim for back pay for his Army service is barred by the six-year statute of limitations. The jurisdiction of this Court is set forth in the Tucker Act, 28 U.S.C. § 1491, and every claim over which this Court has jurisdiction shall be barred unless "the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional and may not be waived because it implicates the Government's waver of sovereign immunity. *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (*en banc*); *see also Hart v. United States*, 910 F.2d 815, 818-19 (Fed. Cir. 1990). "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when all events have occurred

to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Martinez*, 333 F.3d at 1303 (quotation marks and citation omitted). In the context of claims seeking back pay, the claim accrues on "the date on which the service member was denied the pay to which he claims an entitlement." *Id.* at 1314. Accordingly, in light of Mr. Webb's February 2007 discharge, his back pay claim must be dismissed.

*Third*, Mr. Webb fails to sufficiently identify the statutes or regulations which he contends entitle him to more pay than he received. Thus, the Court does not possess jurisdiction to entertain the complaint and dismissal pursuant to RCFC 12(b)(1) is warranted. Through the Tucker Act, Congress waived sovereign immunity, "authoriz[ing] certain actions for monetary relief against the United States to be brought in the Court of Federal Claims." *Martinez*, 333 F.3d at 1302. "The actions for which the Tucker Act waives sovereign immunity are actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating constitutional provisions, statutes, regulations, or executive orders." *Id.* at 1302-03 (citations omitted). However, "[t]he Tucker Act does not itself provide the substantive cause of action; instead, a plaintiff must look elsewhere for the source of substantive law on which to base a Tucker Act suit against the United States." *Id.* at 1303 (citations omitted). A plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. As Mr. Webb has failed to sufficiently identify the money-mandating statutes or regulations on which his complaint his based, his complaint must be dismissed.

4

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

_____
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

MAJOR MICHAEL TOWNSEND, JR.
Litigation Attorney
Military Personnel Branch
U.S. Army Legal Services Agency
Fort Belvoir, VA 22060

_____
ZACHARY J. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0320
Zachary.j.sullivan@usdoj.gov

October 26, 2018

Attorneys for Defendant

EXHIBIT

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| WEBB, GERARD LEVAR | ARMY/RA | Redacted |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| SPC | E04 | Redacted | 00000000 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| BALTIMORE, MARYLAND | Redacted |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| 020012FABN REAR DET FC | FORT LEWIS, WA 98433-5000 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| N/A | AMOUNT: $400,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| 13B1O CANNON CREWMEMBER - 10 YRS 4 MOS//13E3O CANNON FIRE DIRECTION - 10 YRS 4 MOS//NOTHING FOLLOWS | a. DATE ENTERED AD THIS PERIOD | 1996 | 07 | 03 |
| | b. SEPARATION DATE THIS PERIOD | 2007 | 02 | 06 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0010 | 07 | 04 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0000 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0000 | 00 | 00 |
| | f. FOREIGN SERVICE | 0003 | 00 | 06 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. EFFECTIVE DATE OF PAY GRADE | 2006 | 08 | 09 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|---|
| ARMY COMMENDATION MEDAL (4TH AWARD)//ARMY ACHIEVEMENT MEDAL (3RD AWARD)//ARMY GOOD CONDUCT MEDAL (3RD AWARD)//NATIONAL DEFENSE SERVICE MEDAL//GLOBAL WAR ON TERRORISM SERVICE MEDAL//KOREA DEFENSE SERVICE MEDAL//IRAQ CAMPAIGN MEDAL//ARMY SERVICE RIBBON//OVERSEAS SERVICE RIBBON (2ND AWARD)//CONT IN BLOCK 18 | ADVANCED FIELD ARTILLERY TACTICAL DATABASE SYSTEMS, 3 WEEKS, 2001//BASIC NON-COMMISSIONED OFFICER CRS, 2006//COMBAT LIFE SAVERS CRS, 1 WEEK, 1998//FUNCTIONAL ACADEMIC SKILLS TRAINING, 4 WEEKS, 2002//HAZARDOUS MATERIALS TRANSPORTATION CRS, 1 WEEK, 2003//MASTER DRIVERS CRS, 1 WEEK, 2003//CONT IN BLOCK 18 |

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | YES X | NO |
|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | X YES | NO |

| 16. DAYS ACCRUED LEAVE PAID 35.5 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO X |

**18. REMARKS**
CONTINUOUS HONORABLE ACTIVE SERVICE: 19960703-20010702//IMMEDIATE REENLISTMENTS THIS PERIOD -- 19990426-20010702, 20010703-20070206//SELECTIVE REENLISTMENT BONUS PAID: $17577.00, 20010703//SERVED IN A DESIGNATED IMMINENT DANGER PAY AREA//SERVICE IN IRAQ 20040808-20050725 //MEMBER HAS COMPLETED FIRST FULL TERM OF SERVICE//OVERSEAS SERVICE BAR (2ND AWARD)//CONT FROM BLOCK 13: //COMBAT ACTION BADGE//CONT FROM BLOCK 14: //PRIMARY LEADERSHIP DEVELOPMENT CRS, 4 WEEKS, 2004//RAVEN SUAV OPERATOR TRAINING CRS, 2 WEEKS, 2005//STANDARD ARMY TRAINING SYSTEMS CRS, 1 WEEK, 1999//NOTHING FOLLOWS

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | b. NEAREST RELATIVE (Name and address – include ZIP Code) |
|---|---|
| Redacted | Redacted |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO  NY | DIRECTOR OF VETERANS AFFAIRS | X YES | NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|
| /signature/ | DORLISE J HARRIS, GS09, CHIEF TRANSITION CENTER |

### SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| DISCHARGE | UNDER HONORABLE CONDITIONS (GENERAL) |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200, PARA 14-12C (2) | JKK | 4 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| MISCONDUCT (DRUG ABUSE) |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|
| NONE | |

DD FORM 214-AUTOMATED, FEB 2000    PREVIOUS EDITION IS OBSOLETE. GENERATED BY TRANSPROC    SERVICE-2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of October, 2018, I caused to be placed in the United States mail (first-class, postage prepaid), a copy of "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

GERARD L. WEBB
70 Eaton Place No. 1
East Orange, NJ 07017

_____